IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**CLAYTON FOUTCH, CLINT STALLWORTH, JOBIN SIMS,** individually and on behalf of all other persons similarly situated, known and unknown

      Plaintiffs,

vs.

**SB DIRECTIONAL SERVICES, LLC,** and **SCOTT BURCH**

      Defendants.

Case No. CIV–19-362-HE
**CLASS ACTION (FRCP 23)**
**COLLECTIVE ACTION (29 U.S.C. § 216(b))**

## COLLECTIVE AND CLASS ACTION COMPLAINT
### SUMMARY

1. Plaintiff, Clayton D. Foutch (individually known as "Foutch") Plaintiff, Clint Stallworth (individually known as "Stallworth") and Plaintiff, Jobin Sims (individually known as "Sims") all named Plaintiffs are collectively known as the "Party Plaintiffs" do bring this lawsuit to recover unpaid overtime wages and other damages and for all those other workers who were similarly situated (collectively known as "Plaintiffs.")

2. Defendants SB Directional Services LLC ("SB") is a company organized under the laws of Oklahoma with its headquarters in Oklahoma County, Oklahoma and

its founder and Chief Operational Officer, Scott Burch ("Burch") is an individual vested with the power to take tangible employment actions against Plaintiffs for the benefits of SB and Burch, (collectively referred to as "Defendants.")

3. Plaintiffs were often scheduled for 12-hour or longer shifts, for up to 7 days a week and/or were on call 24/7. Plaintiffs never received overtime for hours worked in excess of 40 hours in a workweek. Based on information obtained, Plaintiffs worked well in excess of 40 hours each week while employed with Defendants while improperly classifing them as independent contractors and not employees.

4. This collective action seeks to properly classify the Plaintiffs as employees and not independent contractors, recover unpaid overtime wages, recover other damages owed to Plaintiffs and seek injunctive relief to require Defendants to come into compliance with the laws.

## The Parties

5. At all relevant times herein mentioned, SB maintained a headquarters in Oklahoma County, Oklahoma and performs services there.

6. At all relevant times herein mentioned, SB was and is owned and operated by Burch who acts as SB's agent for service and can be served at 5135 SW 29th St, Oklahoma City, OK 73179.

7. At all relevant times herein mentioned, Burch, an individual, was founder and Chief Operational Officer for SB. Burch is named individually because he acted as an

"employer" under the provisions of the§ FLSA, which makes "any person acting directly or indirectly in the interest of an employer in relation any employee . . ." an employer. 29 U.S.C. § 203(d). It defines "person" to include an "individual." 29 U.S.C. § 203(a).

8. Burch exerts a high degree of control over all relevant aspects of the operations providing direct and detailed supervision, direction, oversight, and control.

9. Burch was also Party Plaintiffs' s supervisor and the person who determined the duties and rates of pay for all Plaintiffs.

10. Burch has clear authority over SB's employment policies or practices. Burch possesses "managerial responsibilities" and "substantial control of the terms and conditions" of the employees' work, creating employer status. *Falk v. Brennan*, 414 U.S. 190, 195 (1973) and was ultimately in a position of authority over the business decisions that led to the FLSA violations as set forth herein.

11. Oklahoma County and Blaine County are within the Western District of the United Sates District Courts for Oklahoma wherefore venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

12. Party Plaintiffs worked exclusively for Defendants as a Directional Driller from June 2017 until March 18, 2018. Throughout his employment, he was paid a day-rate with no overtime compensation and was classified as an independent contractor.

13. Defendants paid Plaintiffs, whether, field, shop, or office personnel a day rate, regardless of the hours worked.

14. Party Plaintiffs brings this action on behalf of themselves and all other similarly situated workers who were classified as independent contractors and paid by Defendant's day-rate system. Each of these workers was paid a flat amount for each day worked and failed to pay overtime for all hours worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees "Plaintiffs" consists of:

> Current and former workers that were employed by, or worked on behalf of, SB Directional Services LLC and Scott Burch during the past three years who were classified as independent contractors and paid a day-rate regardless of the hours worked.

15. As Class Representatives Party Plaintiffs presents common questions of law and fact for which a class wide proceeding will generate common answers and drive the resolution of the litigation for himself and all other class members' claims. All possess the common contention whereby the determination of its truth or falsity will resolve the issues that are central to the validity of all claims of each Plaintiff.

16. Their consents to act as a party plaintiffs are attached.

17. Plaintiffs' claims are for improperly classifying them as independent contractor and not employees.

18. Defendants failure to pay wages, including overtime compensation, in violation of the Fair Labor Standards Act ("FLSA") as set out in 29 U.S.C. §206 et seq. and Oklahoma's Protection of Labor Act as set out in 40 O.S. §165.1 et seq.  Jurisdiction over

the federal claims is vested in this Court under 42 U.S.C. §2000e-5(f), 29 U.S.C. § 206 and 28 U.S.C. §1331.

## COVERAGE UNDER THE FLSA

19. Plaintiffs were employed with the past three years that Defendants have been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d), been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C.§ 203(r), been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. For at least the past three years, Plaintiffs engaged in commerce or in the production of goods for commerce.

21. Defendants improperly classified Plaintiffs as independent contractor under 29 U.S.C. §203(r)(1)and not as employees pursuant to 29 U.S.C. §203(e)(1) and uniformly dictated the pay practices, terms and conditions of employment, directed and

supervised their day-to-day work, subjected them to discipline, and refused to pay overtime compensation.

22. Defendants' misclassification of Plaintiffs as independent contractor does not alter its status as an employer for purposes of this FLSA collective action and the OPLA class action.

## FACTS

23. Defendants are in the business of providing oil field equipment and services to various operators. In mid-2018 SB Directional Services has worked directly for 17 different operators and have drilled more than 125 wells in Oklahoma and Texas.

24. Defendants provided equipment, services, and personnel to operators. While exact job titles and job duties may differ, these workers are subjected to the same or similar illegal pay practices. Specifically, Defendants classified its entire workforce, including clerical and office staff, shop hands and field workers, as independent contractors and paid them a flat sum for each day worked and failed to provide them with overtime pay for hours that they worked more than 40 hours in a workweek.

25. Defendants exercised control over all aspects of Plaintiffs job duties.

26. Defendants did not require any personal investment by Plaintiffs. Defendants directly determined opportunity for profit and loss. Thus, earning opportunity was based solely on the number of days scheduled by Defendants. Plaintiffs were economically dependent on Defendants during their employment.

27. Plaintiffs utilized equipment provided by Defendants to perform their job duties. Defendants made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Plaintiffs worked.

28. Defendants set rates of pay, his work schedule, prohibited Plaintiffs from working other jobs for other companies while working for Defendants.

29. Indeed, the daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants. Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the data to compile, the schedule of work, how, when, and where the work was preformed, and related work duties.

30. Plaintiffs were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions were primarily technical, or clerical in nature, requiring little to no formal training, college education, or other advanced degree. Skills were learned on-the-job and the work was directed by the Defendants.

31. Plaintiffs were required to wear the Defendants' uniforms which were brought for them by Defendants.

32. Plaintiffs were not employed on a project-by-project basis. While classified as an independent contractor, they were expected to work whenever needed.

33. Plaintiffs were subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

34. Plaintiffs also worked similar hours and were denied overtime as a result of the same illegal pay practice as Party Plaintiffs. It is believed that Plaintiffs all worked in excess of 40 hours each, were often scheduled for 12 hour shifts for weeks at a time and/or on call 24/7. Instead of paying them overtime, Defendants paid Plaintiffs a day-rate denying them overtime for any and all hours worked in excess of 40 hours in a single workweek.

35. Defendants' policy of failing to pay Plaintiffs, overtime violates the FLSA because these workers were employees performing nonexempt job duties and not independent contractors.

36. Because Plaintiffs were misclassified as an independent contractor by Defendants, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## FLSA VIOLATIONS

### 1. Misclassification of Employee as Independent Contractor

For the first cause of action Plaintiffs incorporate the allegations above and further provides that:

37. Defendants improperly classified Plaintiffs as independent contractor under 29 U.S.C. §203(r)(1)and not as employees pursuant to 29 U.S.C. §203(e)(1) and uniformly dictated the pay practices, terms and conditions of employment, directed and

supervised their day-to-day work, subjected them to discipline, and refused to pay overtime compensation.

## 2.  Nonpayment of Earned Overtime Wages required by the FLSA

For the second cause of action Plaintiffs incorporate the allegations above and further provides that:

38.    Defendants improperly classified Plaintiffs as independent contractor under 29 U.S.C. §203(r)(1)and not as employees pursuant to 29 U.S.C. §203(e)(1) and uniformly dictated the pay practices, terms and conditions of employment, directed and supervised their day-to-day work, subjected them to discipline, and refused to pay overtime compensation.

39.    Because the actions of Defendant were willful, Plaintiffs are entitled to liquidated damages under the FLSA in an amount equal to the unpaid wages, attorney fees and costs.

40.    As set forth herein, Defendants have violated, and are violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

41.     Employees, including Plaintiffs, who were subject to the Defendant's illegal policy and whose wages were improperly paid are entitled under the FLSA to their unpaid wages, liquidated damages, prejudgment interest, attorney fees and costs together with equitable relief in the form of a declaration that Defendant's wage policy is unlawful as applied to Plaintiffs, and an injunction against the continued use and enforcement of such policies as to Defendant's other employees.

42.     Because the actions of Defendant were willful, Plaintiffs are entitled to the liquidated damages as found under the FLSA.

### 4.  FLSA Collective Action

For the Plaintiffs' third cause of action they incorporate the allegations above and further provides that:

43.     All workers that have worked for Defendants in the last three (3) years have been victimized by this pattern, practice and policy which are in willful violation of the FLSA and OPLA. Many of these employees that worked with Party Plaintiffs reported they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

44.     Because Plaintiffs injuries arise from an unlawful policy, upon discovery of the identity of Plaintiffs, be entitled to a certification of a class of injured employees entitled to such relief. It is believed that there are over sixty (60) employees who would

be subject to the same unlawful policy and who would have suffered the same injury with the only distinction being the amount of injury each suffered.

45. The class is specifically knowable and defined as it consists of current and former employees of the Defendants that were not paid their wages in accordance with the FLSA.

46. The class is sufficiently numerous that it is impractical to name each member of the class individually and such that a class action is most economical, expeditious and just way of managing this claim.

47. There are questions of law or fact common to the class, including:

   a. Whether the nonpayment of overtime wages for all hours over forty (40) in a week constituted an illegal act under the FLSA; and

   b. Whether the nonpayment of all wages earned, including overtime wages constituted illegal acts under the OPLA;

48. Party Plaintiffs, as the class representative, shares the same questions of law and fact with other class members and will fairly and adequately protect the interests of the class.

49. The only factual matter different between the collective plaintiffs would be the amount of wages lost and damages owed.

50. Defendants failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

51. Defendants failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Plaintiffs. Thus, Party Plaintiffs' experiences are typical of the experiences of the other Plaintiffs. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### **Punitive Damages for not Timely Paying All Wages Due under the OPLA**

For the fifth cause of action Plaintiffs incorporate the allegations above and further provides that:

52. Defendants failed to timely pay all due and owing wages pursuant to Oklahoma's Protection of Labor Act as set out in 40 O.S. §165.1 et seq subjecting them to a daily 2% payment of the outstanding amount as a penalty.

53. The amount accrues until it equals the sum of the wages not timely paid as a penalty for nonpayment.

54. Defendants failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Plaintiffs and constitutes a violation of the OPLA owing to the fact there is no good faith dispute.

55. Thus, Party Plaintiffs' experiences are typical of the experiences of the other Plaintiffs. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## JURY DEMAND

56. Plaintiffs demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

a. For an order declaring that Plaintiffs were and are employees of Defendants and not independent contractors;

b. That the Court determine that this action may be maintained as a class action pursuant to FRCP 23;

c. That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b);

d. That, at the earliest possible time, Court grant Plaintiff conditional certification and Plaintiffs be allowed to give notice of this class action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of the Court's issuance of Court-supervised Notice, been employed by Defendants as hourly/non-exempt employees. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

e. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of the Court's issuance of Court-supervised Notice, been employed by Defendants as hourly/non-exempt employees. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

f.  That the Court find that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207 as to Plaintiffs;

g.  That the Court find that Defendants have violated the provisions of the OPLA 40 O.S. §161, *et seq.* as to Plaintiffs;

h.  That the Court find that Defendants wage and hour violations as described have been willful;

i.  That the Court award to Plaintiffs compensatory and liquidated damages for unpaid overtime compensation, statutory penalties, and interest subject to proof at trial pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

j.  That the Court award the penalty provisions of the OPLA 40 O.S. §161, *et seq.* as to the Oklahoma Plaintiffs;

k.  That Class Plaintiffs be awarded reasonable attorneys' fees and costs pursuant to FLSA 29 U.S.C. § 216(b) and/or other applicable law; and

l.  That the Court award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

s/Jacque Pearsall
Jacque Pearsall, OBA #18317
920 Majestic Ave
Yukon, Oklahoma 73099
Office Phone:  405.354.5536
Facsimile:      405.673.5785
Email: JacquePearsall@gmail.com
ATTORNEY FOR PLAINTIFFS