IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAYTON FOUTCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case Number CIV-19-362-C |
| ) | |
| SB DIRECTIONAL SERVICES, LLC, ) et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed this action as a putative class action alleging violation of the Fair Labor Standards Act ("FLSA") and the Oklahoma Protection of Labor Act ("OPLA"). Plaintiffs allege that Defendants have a practice of classifying all their employees as independent contractors and paying them a day wage for each day worked as opposed to wages. Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs' Amended Complaint fails to state a claim for violation of the OPLA and/or that Plaintiffs are improper class representatives.

Defendants argue that Plaintiffs' OPLA claim must fail as the allegations in the Amended Complaint only support a claim for unpaid overtime wages. Defendants argue the OPLA mandates only that wages must be paid as agreed. Because there was no agreement to pay overtime wages, there can be no violation of the OPLA. In response, Plaintiffs argue that Defendants mistake the fact that the OPLA does not require payment of overtime wages.

As Defendants note, the statute and regulations relied on by Plaintiffs to argue payment of overtime is required are not contained in the OPLA. Rather, those authorities are part of the Oklahoma Employment Security Act, which is not asserted by Plaintiffs. The Tenth Circuit has noted: "we find no Oklahoma constitutional, statutory or decisional law which would require an employer . . . to pay overtime compensation to its employees." McKenzie v. Renberg's Inc., 94 F.3d 1478, 1487 (10th Cir. 1996). Thus, to the extent Plaintiffs rely on the OPLA as a mechanism to pursue their claims for unpaid overtime, those claims fail as a matter of law. Defendants request these claims be dismissed with prejudice. While the Court is not persuaded that Plaintiffs can overcome the legal barriers to this claim, they will be given an opportunity to amend to state a claim consonant with the rulings herein.

Defendants also challenge Plaintiffs' status as proper class representatives. Plaintiffs were directional drillers for Defendants. Plaintiffs' Amended Complaint seeks to plead a class action comprised of all employees of Defendants that were treated as independent contractors. Defendants argue that Plaintiffs, as directional drillers, are not similarly situated to office or clerical staff and so cannot properly represent those persons in a class action. Plaintiffs offer no response to Defendants' argument on this issue.

The Court finds that at this stage Plaintiffs' pleading is sufficient. When certification of a class is proposed, it may be that Defendants' arguments are correct and that Plaintiffs are not similarly situated to other persons Defendants treated as independent contractors. However, at this stage, there is no evidence as to the kind of workers treated

as independent contractors. Thus, it cannot be said that Plaintiffs are not similarly situated.

For the reasons set forth herein, Defendants SB Directional Services, LLC's and Scott Burch's Motion for Partial Dismissal of Plaintiffs' Amended Complaint (Dkt. No. 17) is GRANTED in part. Plaintiffs' claims for violation of the OPLA are DISMISSED without prejudice. Plaintiffs shall file any Amended Complaint within 10 days of the date of this Order. Plaintiffs' claims under the FLSA remain. The Status and Scheduling Conference scheduled for August 1, 2019, is STRICKEN to be reset at a later date.

IT IS SO ORDERED this 24th day of July, 2019.

ROBIN J. CAUTHRON
United States District Judge